[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed an application to vacate an arbitration award issued by a panel of the State Board of Mediation and Arbitration on May 25, 1995. In its written decision, the panel found that a particular collective bargaining agreement provision applied to the promotion of assistant fire chiefs. It further found that the Stratford Town Manager violated that provision by not following its terms in promoting individuals who had taken an exam in April 1991.[1]
In its application to vacate, the plaintiff argues, inter alia, that the arbitrators' finding that assistant fire chiefs are covered under the collective bargaining agreement is in direct contravention to a December 1993 award reaching the opposite conclusion. The essence of the plaintiff's argument is that, since the earlier award involved the same collective bargaining agreement and governed the same class of employees who took the same examination, the principles of res judicata bar the arbitrator's inconsistent finding in the May 1995 decision. In opposition, the defendant argues that there is evidence to support the panel's findings, that the panel did not exceed its authority, that the principals of res judicata "do not have the same doctrinal force" in arbitration proceedings, and, in any event, that the parties in the two proceedings are not identical.
The court agrees with the plaintiff. Arbitration awards are "accorded the benefits of the doctrine of res judicata in much the same manner as the judgment of a court;" Corey v.Avco-Lycoming Division, 163 Conn. 309, 319, A.2d (1972), cert. CT Page 6056 denied, 409 U.S. 1116, 34 L.Ed.2d 699, 93 S.Ct 903 (1973); "[a]nd with regard to an arbitration award, it is res judicata as to all matters in the submission." Local 1219 v. Connecticut LaborRelations Board, 171 Conn. 342, 356, 370 A.2d 952 (1976).
In this case, the two arbitration awards construed Article XXII of the collective bargaining agreement dealing with promotion procedures. Both grievants took the same examination, were on the same list, and alleged that they were passed over in contravention to the promotional procedures in Article XXII of the same collective bargaining agreement. In both matters, the Town argued that Article XXII did not apply to assistant fire chiefs, and the Union argued that the positions were covered by the agreement. The dispositive issue in each matter was whether assistant fire chiefs are covered under Article XXII of the collective bargaining agreement. Both the issues and the interests of the parties were identical. Accordingly, the first arbitration award should be accorded res judicata effect. Coreyv. Avco-Lycoming Division, supra, 163 Conn. 319.
Based on the foregoing, the court finds that the arbitrators' award, dated May 25, 1995, should be vacated.